**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

VAFA SHAMSAI-NEJAD,

Plaintiff,

vs.

CCPD, *et al.*,

Defendants.

Case No. 2:12-cv-00427-MMD-CWH

**ORDER**

Screening of Amended Complaint (#5)

This matter is before the Court on Plaintiff's Amended Complaint (#5), filed April 4, 2012. On April 2, 2012, the Court entered an Order granting Plaintiff in forma pauperis status, but dismissed without prejudice Plaintiff's complaint, with leave to amend (#4). On April 4, 2012, Plaintiff filed an Amended Complaint and the Court will now review that complaint pursuant to § 1915(a).

## DISCUSSION

### I. Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a). Specifically, federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a

complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Allegations of a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curium). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**II. Amended Complaint**

**A. Federal Question Jurisdiction**

As a general matter, federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd.*

*v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* Here, Plaintiff alleges civil rights violations under 42 U.S.C. § 1983. claim under this statute invokes the Court's federal jurisdiction. However, because the Court finds that Plaintiff failed to properly bring a claim under Section 1983 (see discussion below), federal question jurisdiction does not exist at this time.

**B. Diversity Jurisdiction**

Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Plaintiff asserts damages of $300,000.00 in her complaint. However, Plaintiff states that he is a citizen of Nevada, but does not provide the citizenship of Defendants. The diversity jurisdiction statute requires that to bring a diversity case in federal court against multiple defendants, each plaintiff must be diverse from each defendant. *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 388 (1998). Plaintiff and the Defendants appear to be Nevada citizens so there is no diversity jurisdiction in this case.

**C. Section 1983 Claim**

Upon review of the amended complaint, it appears as though Plaintiff is alleging false arrest against the Las Vegas Metropolitan Police Department and ineffective assistance of counsel against Steve Wolfson regarding a driving under the influence charge. Plaintiff provided the Court with a letter detailing additional facts regarding these claims. However, pursuant to the Court's Local Rules, a civil rights complaint filed by a person who is not represented by counsel "shall be on the form provided by this court." LSR 2-1.

Additionally, to have a claim under Section 1983, a plaintiff must plead that the named defendant (1) acted "under color of state law" and (2) "deprived the plaintiff of rights secured by the Constitution or federal statutes." *Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir. 1986); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185

(9th Cir. 2006). With respect to Plaintiff's claim against Steve Wolfson, a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. *See e.g., Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Miranda v. Clark County,* Nevada, 319 F.3d 465 (9th Cir. 2003); *Roswell v. Clark County Public Defender Office*, 157 Fed.Appx. 973 (9th Cir. Nov. 29, 2005). Consequently, Plaintiff has not alleged sufficient facts to support an ineffective assistance of counsel claim under Section 1983 against Steve Wolfson or the Clark County Public Defender's Office.

Similarly, it appears as though Plaintiff is alleging a false arrest claim regarding a driving under the influence charge that occurred six years ago. Arrest by police officers without probable cause violates the Fourth Amendment's guarantee of security from unreasonable searches and seizures, giving rise to a claim for false arrest under Section 1983. *See Borunda v. Richmond*, 885 F.2d 1384, 1391 (9th Cir. 1988). However, Plaintiff does not specify the date of the arrest or the name of the police officer who performed the arrest. As a result, the Court cannot determine the limitations period for bringing the false arrest claim against city police officers under Section 1983. *See Wallace v. Kato*, 549 U.S. 384 (2007) (holding statute of limitations for a Section 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time of detention). Furthermore, a claim to recover damages for an allegedly unconstitutional conviction that has not been invalidated is not cognizable under Section 1983. *See Heck v. Humphrey*, 512 U.S. 477 (1994). Additionally, a governmental agency and state officials when sued in their official capacity for damages are not persons for purposes of Section 1983. *See Hafer v. Melo*, 502 U.S. 21 (1991). Therefore, Plaintiff has not alleged sufficient facts to support a false arrest claim under Section 1983 against the Las Vegas Metropolitan Police Department.

In conclusion, absent sufficient factual allegations to correct the above-noted subject-matter jurisdiction deficiencies, Plaintiff's claims cannot survive. As Plaintiff is proceeding *pro se*, the Court will provide Plaintiff with thirty days to amend the complaint.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that the Complaint is **dismissed without prejudice** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have thirty (30) days from the date that this Order is entered to file an amended complaint correcting the noted deficiencies. Failure to comply with this Order may result in the Court recommending that this action be dismissed.

DATED this 5th day of September, 2012.

C.W. Hoffman, Jr.
United States Magistrate Judge