# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

VAFA SHAMSAI-NEJAD,　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　　)　　Case No. 2:12-cv-00427-MMD-CWH
　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　 )　　**FINDINGS AND**
　　　　　　　　　　　　　　　　　)　　**RECOMMENDATION**
CCPD, *et al*.,　　　　　　　　　 )
　　　　　　　　　　　　　　　　　)
　　　　Defendants.　　　　　　　 )
_____)

　　　　Plaintiff submitted an Application to Proceed *in Forma Pauperis* (#1) and Complaint on March 14, 2012. On April 2, 2012, the Court entered an Order granting Plaintiff's Application to Proceed *in Forma Pauperis* (#1) and dismissing without prejudice Plaintiff's Complaint (#4). On April 4, 2012, Plaintiff submitted an Amended Complaint (#5). On September 5, 2012, the Court ordered that the Amended Complaint be dismissed without prejudice and granted Plaintiff thirty (30) days to file a second amended complaint correcting the noted deficiencies (#9).

　　　　Plaintiff did not adequately allege a violation of the Constitution, laws, or treaties of the United States. Plaintiff alleged civil rights violations of false arrest and ineffective assistance of counsel under 42 U.S.C. § 1983. The Court found that diversity jurisdiction did not exist because Plaintiff and Defendants appear to be Nevada citizens. Additionally, the Court found that it appeared as though Plaintiff's amended complaint implicated a federal question, but she did not adequately plead facts to support her claim.

　　　　To adequately plead a cause of action under section 1983, a plaintiff must show that the defendant:(1) acted "under color of state law" and (2) "deprived the plaintiff of rights secured by the Constitution or federal statutes." *Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir. 1986); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). The Court noted that a public defender does not act under color of state law

when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. *See e.g., Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Miranda v. Clark County,* Nevada, 319 F.3d 465 (9th Cir. 2003); *Roswell v. Clark County Public Defender Office*, 157 Fed.Appx. 973 (9th Cir. Nov. 29, 2005). Consequently, Plaintiff did not allege sufficient facts to support an ineffective assistance of counsel claim under Section 1983 against Steve Wolfson or the Clark County Public Defender's Office.

Similarly, Plaintiff failed to specify the date of the alleged false arrest or the name of the police officer who performed the arrest. As a result, the Court was unable to determine the limitations period for bringing the false arrest claim against city police officers under Section 1983. *See Wallace v. Kato*, 549 U.S. 384 (2007) (holding statute of limitations for a Section 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time of detention). The Court also noted that a claim to recover damages for an allegedly unconstitutional conviction that has not been invalidated is not cognizable under Section 1983. *See Heck v. Humphrey*, 512 U.S. 477 (1994). Therefore, the Court found that Plaintiff had not alleged sufficient facts to support a false arrest claim under Section 1983 against the Las Vegas Metropolitan Police Department.

More than thirty days have elapsed since the Court's Order dismissing Plaintiff's Amended Complaint without prejudice and Plaintiff has not submitted a second Amended complaint with sufficient facts to state a plausible claim for relief in this case.

Based on the foregoing and good cause appearing therefore,

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Amended Complaint (#5) be **dismissed with prejudice** because Plaintiff failed to file a second amended complaint within 30 days of the Court's September 5, 2012 Order.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court

1 has held that the courts of appeal may determine that an appeal has been waived due to the failure
2 to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This
3 circuit has also held that (1) failure to file objections within the specified time and (2) failure to
4 properly address and brief the objectionable issues waives the right to appeal the District Court's
5 order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d
6 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir.
7 1983).

DATED this 10th day of October, 2012.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge